IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN H. SWEITZER, | : | |
| Plaintiff, | : | Case No. 2:05-cv-650 |
| v. | : | Judge Smith |
| AMERICAN EXPRESS CREDIT CARDS, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

## ORDER

This matter is before the Magistrate Judge on Plaintiff Stephen H. Sweitzer's September 28, 2005 motion for default judgment against Defendant Brad Bender (doc. 27). Sweitzer filed this action alleging that Brad Bender used Sweitzer's name and good credit to open up credit card accounts which were never paid. Defendants are American Express Centurion Bank, Brad Bender, Equifax, Inc., Experian Information Solutions, Inc., Trans Union, LLC, and John Does Corporations 1-10, Business Entities 1-10, and Individuals 1-5.

**I. Background.**

Sweitzer maintains that in August 2001, he applied for an Amex Optima Card, but the card was denied because the address Sweitzer provided did not match the address in Amex's system. Compl. ¶ 8. Subsequently, Sweitzer learned that two Amex accounts had been fraudulently opened in his name. Compl. ¶¶ 9, 10, & 12. In January 2002, Sweitzer learned that a VISA account had been fraudulently opened in his name.

1

Compl. ¶ 18.

Sweitzer maintains that Defendant Brad Bender was responsible for opening all three fraudulent credit card accounts. While Sweitzer alleges other claims against the credit reporting agencies and the credit card company, they are not relevant to this motion.

Sweitzer filed this action in the Court of Common Pleas, Franklin County on May 20, 2005. Brad Bender was served with a copy of the summons and complaint in early June. Defendant Equifax attempted to contact Bender to obtain his consent for removal, but Equifax has not been able to reach him. On June 30, 2005, this action was removed. The certified return receipt for service on Bender lists three dates on it: June 3, June 6, and June 7. June 6 is stamped on the receipt and appears to be the date the receipt was filed in the Franklin County Court. June 7 is handwritten as the date of mail delivery, and June 3 is stamped on the receipt and appears to be the date of mailing. Therefore, to give Bender the benefit of the doubt, the June 7 date of service will be used to calculate the date of default.[1]

---

[1] Sweitzer's motion argues that Bender was in default because he never answered the July 22, 2005 amended complaint filed in this Court. A copy of the summons and complaint were issued to Brad Bender on July 27, 2005. On August 26, 2005, an acknowledgment of service was filed with this Court, which shows that "C. Starkey" signed for the summons and complaint sent certified mail to 8131 Crossgate Court in Dublin, Ohio (doc. 22), which, according to Sweitzer, is Bender's last known address.

The Federal Rules authorize service in accordance with the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). The Ohio Rules state that service may be perfected by delivering a copy of the summons and complaint to the clerk of court for mailing, and that service is complete when "[e]videnced by return receipt signed by any person . . . ." Ohio R. Civ. P. 4.1(A). *See Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St. 2d 403, 405 (1980) (stating that certified mail service does not need to be signed by the person to whom the envelope is addressed).

Rule 12 of the Ohio Rules of Civil Procedure allow the defendant 28 days after service to answer the complaint. Using the June 7, 2005 date as the date of service, Bender's last day to answer was July 5. Since Bender never responded to the complaint, he was in default on July 6. Further, after reviewing the complaint and the amended complaint, it is apparent that they both state the same claim for conversion against Bender, and both claim damages in excess of $25,000; there are no new allegations or claims asserted against Bender in the amended complaint.

**II. Discussion.**

Rule 55 permits a court to enter default judgment when a party has failed to "plead or otherwise defend" a claim. Fed. R. Civ. P. 55. Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter v. Seaboard,* 705 F.2d 839, 845 (6th Cir. 1983). Cases should be decided on the merits. *Schwab v. Bullock's, Inc.,* 508 F.2d 353, 355 (9th Cir. 1974). However, a plaintiff may seek default judgment for the defendant's failure to appear in a case. In cases where a defendant is in default, plaintiff's well-pleaded allegations as to the defendant's liability are normally accepted as true. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich 1983). On the other hand, allegations as to

---

However, it is unclear whether Bender was living at this address at the time of service of the amended complaint. Case law states that a trial court acts appropriately when it sets aside a judgment when the defendant provides sufficient evidence showing that he was not living at the address where the summons and complaint were sent or did not receive mail at the address. *See First Resolution Inv. Corp. v. Davis*, 2005 WL 2303713 * 3 (10th Dist. Sept. 22, 2005). Consequently, I am uncertain as to whether service of the amended complaint was perfected.

damages are not accepted as true.  *See Antoine,* 66 F.3d at 110; *Kelley*, 567 F. Supp. at 841; *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'"  *Antoine,* 66 F.3d at 110 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

One authority states that for a clerk to file a default judgment the "relief that is sought [must be] a liquidated (arithmetically ascertainable) sum." *Shreve, Gene R., Raven-Hansen, Peter*, 338,  Understanding Civil Procedure Second Edition (1994). This would imply that the level of certainty required for a clerk to file a default judgment is extremely high.  This notion also comports with the fact that whenever possible, a trial should be judged on its merits, not in default judgment. *Berthelsen v. Kane*, 907 F.2d 617, 618 (6th Cir. 1990).

In order for the Court to enter default; Bender must have received service of the summons and complaint.  *See generally*,  *Amen v. City of Dearborn,* 532 F.2d 554, 557 (6th Cir. 1976).  The plaintiff bears the burden of perfecting service and providing proof that proper service was made.  *See Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996). Here Plaintiff attempted service under Rule 4(e)(1), Fed. R. Civ. P., which permits service "pursuant to the law of the state in which the district court is located . . . . " Specifically, Plaintiff attempted service by certified mail as authorized by Ohio R. Civ. P. 4(1)(A).  Service, pursuant to this Rule, is perfected by delivering a copy of the summons and complaint to the clerk of court for mailing and then filing the certified

"return receipt signed by any person . . . ." *Id.*

The state court record shows that Bender was served with a copy of the summons and complaint on or about June 7, 2005. Bender never filed an answer or otherwise responded to Sweitzer's complaint. Accordingly, Bender was in default on July 6, 2005. The complaint and amended complaint seek damages in excess of twenty-five thousand dollars ($25,000.00). The claim for damages is not for a sum certain; consequently, a damages hearing must be held.

### III. Conclusion.

Accordingly, Plaintiff Stephen H. Sweitzer's September 28, 2005 motion for default judgment against Defendant Brad Bender (doc. 27) is **GRANTED**. The Clerk of Court is **DIRECTED** to make an **ENTRY of DEFAULT** against Defendant Brad Bender. This matter is **REFERRED** to Magistrate Judge Mark R. Abel for a hearing on damages to be held on **November 28, 2005 at 9:00** am in Courtroom 220. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Defendant Brad Bender by both regular and certified mail.

/S/ George C. Smith
George C. Smith, Judge
United States Magistrate Judge